UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE HIGHTOWER,<br>  Plaintiff, | : | CIVIL ACTION NO. 12-3206 – RJB |
| | : | |
| v. | : | |
| | : | |
| ANIMAS CORPORATION,<br>  *et al.*,<br>    Defendant, | : | |

## ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant's Motion to Dismiss and Plaintiff's response thereto, the Motion is DENIED.

Defendant is ORDERED to file an Answer to Plaintiff's Complaint within twenty days.

_____
The Honorable Ronald Buckwalter

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CATHERINE HIGHTOWER,** | : | CIVIL ACTION NO. 12-3206 – RJB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **ANIMAS CORPORATION,** | : | |
| *et al.*, | : | |
| Defendant, | : | |

## PLAINTIFF CATHERINE HIGHTOWER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Catherine Hightower, by and through her counsel, denies that Defendant is entitled to relief with regard to its Motion to Dismiss and submits the attached Memorandum of Law.

                                                Respectfully submitted,
                                                MAIZEL LEGAL ASSOCIATES

By: _____
       Robert P. Maizel, Esquire
       Attorney for Plaintiff
       Catherine Hightower
       PA. ID# 88670
       1500 JFK Boulevard, Suite 1700
       Philadelphia, PA 19102
       (215) 772-3023
       rpm@maizellaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE HIGHTOWER, | : | CIVIL ACTION NO. 12-3206 — RJB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANIMAS CORPORATION, | : | |
| *et al.*, | : | |
| Defendants, | : | |

**PLAINTIFF CATHERINE HIGHTOWER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

### HISTORY

Pending for disposition before Your Honorable Court is a Motion to Dismiss filed by Defendant Animas Corporation (hereinafter "Animas") in response to a Complaint filed by Plaintiff Catherine Hightower (hereinafter "Hightower") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.* (hereinafter "Title VII"), the Pennsylvania Human Relations Act, 43 P.S. Section 954, *et seq.* (hereinafter "PHRA"), the Equal Pay Act of 1963, as amended, 29 U.S.C. Section 206 *et seq.*, and applicable Pennsylvania common law.

### CHRONOLOGY

On or about February 16, 2006, Hightower, a female African-American, was hired by Animas as an assembler. (Pars. 13-14 of Complaint) On or about October 3, 2007, Hightower was promoted to the position of Lean Manufacturing Associate. (Par. 15 of Complaint) On or about January 15, 2009, Hightower was appointed to the position of JDE Data Management Lead and Manufacturing Representative (hereinafter "JDE Data Management Lead'), which she believed was a permanent position. (Pars. 16-17 of Complaint) Hightower performed well in her new position, receiving positive performance evaluations and accolades, and as a result it was

promised that she would receive a pay increase for her good work. (Pars. 18-19 of Complaint) However, Hightower did not receive a pay increase, yet in this time frame, Courtney Stevenson (hereinafter "Stevenson"), a female Caucasian, was promoted by Animas and received a pay raise; Hightower was not afforded the opportunity by Animas to apply for this position. (Pars. 20, 27-28 of Complaint)[1] Based on the belief that she was being discriminated against based on her race, on or about December 3, 2009, Hightower made a complaint of discrimination to the company's Ethics Hotline. (Par. 21 of Complaint)

In February 2010, two months after she made the complaint to the Ethics Hotline, Hightower received a lower rating on her annual evaluation, and consequently received a lower bonus and compensation rate. (Pars. 30-31 of Complaint) Animas failed to provide Hightower with an explanation for her lower rating. (Par. 32 of Complaint)

In or about March 2010, Animas, without explanation, demoted Hightower from her JDE Data Management Lead position to her prior Lean Manufacturing Associate position. (Pars. 22-23 of Complaint) Animas then replaced Hightower in the higher JDE Data Management Lead position with a male Caucasian. (Par. 24 of Complaint)

On March 24, 2011, Hightower dual-filed a PHRC Complaint and EEOC Charge. On March 12, 2012, the EEOC issued to Hightower a Notice of Right to Sue. (Par. 3 of Complaint) On June 6, 2012, Hightower filed a Complaint with this Court. On August 28, 2012, Animas filed a Motion to Dismiss the Complaint.[2]

---

[1] In its Memorandum of Law in support of its Motion to Dismiss, Animas states that Stevenson was promoted on October 26, 2009. (Page 9 of Animas's Memorandum of Law)

[2] A Stipulation was entered into by counsel and filed with the Court which provides that Hightower has until September 24, 2012 to respond to Animas's Motion to Dismiss.

## ARGUMENT

I. **HIGHTOWER'S CLAIMS ARE NOT TIME-BARRED BASED ON THE CONTINUING VIOLATIONS DOCTRINE**

Animas argues that Hightower's claims are time-barred because she filed her PHRAComplaint/EEOC Charge beyond the mandated 180-day and 300-day time periods. Animas asserts that these time periods were triggered by the occurrence of the unlawful practices which Hightower alleges – her low evaluation in February 2010 and her demotion in March 2010. Animas cites *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) for the proposition that these were "discrete" acts which started the clock for the filing of actions with the PHRA and EEOC.

Hightower disagrees and maintains that the "continuing violations" doctrine renders the 180-day and 300-day filing periods nugatory. Under this theory, a plaintiff must show that the discrete acts are part of an ongoing, continuing practice or pattern of discrimination rather than isolated or sporadic occurrences. *West v. Phila. Elec. Co.,* 45 F.3d 744 (3rd Cir. 1995); *Jacoby v. Bethlehem Suburban Motor Sales,* 820 F.Supp.2d 609 (E.D. Pa. 2011). In *Leonard v. Bristol Township,* 2010 WL 299554o (E.D. Pa. 2010), Your Honor denied a defendant's Motion to Dismiss because the plaintiff set forth a pattern of related conduct that persisted over the course of her employment. Your Honor noted that while an allegation of a repeated course of conduct shows a "natural affinity" with a hostile environment claim, the continuing violation doctrine is applicable in other employment discrimination claims.

Hightower submits than when these principles are applied in the instant case, the continuing violations doctrine is applicable, and her Title VII and PHRA claims are not barred by the 300-day and 180-day filing requirements. Clearly, Hightower has alleged an ongoing,

–3–

continuous pattern of discriminatory acts. After she assumed the JDE Data Management Lead position, the following occurred:

(1) She did not receive a pay increase that she was promised;

(2) A Caucasian female, Courtney Stevenson, was promoted, and Hightower was not given the opportunity by Animas to apply for the position;

(3) She received a low evaluation, which resulted in a lower bonus and compensation rate;

(4) She was demoted, and a male Caucasian assumed her position;

(5) She filed complaints with Animas to which no resolution, nor corrections were made.

These events occurred over just a five-month period (October 2009-March 2010). They were not isolated or sporadic; on the contrary, they constituted a continuous pattern of discriminatory acts. Hightower has continued to suffer the consequences of these actions -- throughout and beyond the 300-day and 180-day periods – as she remains in a lower position, earning lower wages.

For these reasons, Hightower urges Your Honor to find that none of her claims is time-barred.

## II. HIGHTOWER HAS SET FORTH COLORABLE RETALIATION CLAIMS UNDER TITLE VII AND THE PHRA

Animas asserts that Hightower's retaliation claims fail because a "contested performance evaluation" – the one which she received in February 2010 – is not a materially adverse employment action giving rise to a retaliation claim under Title VII or the PHRA. To establish a *prima facie* case of retaliation, Hightower must satisfy three elements:

1)     She engaged in a protected activity; and

2)     Animas took a materially adverse employment action against her; and

3)     There was a causal connection between her protected activity and Animas's materially adverse employment action.

*Walton v. Mental Health Association,* 168 F.3d 661 (3rd Cir. 1998)

Animas cites *Tucker v. Merck & Co.,* 131 F.App'x 852 (3rd Cir. 2005) for the proposition that a low rating on an evaluation does not constitute a materially adverse employment action. In response, Hightower asserts that in analyzing her retaliation claim, the totality of the circumstances must be considered. When Hightower was not given the pay increase that she was promised and was not given the opportunity to apply for the position to which Stevenson was promoted, Hightower had a reasonable basis to believe that she was being discriminated against based on her race, and accordingly lodged a complaint with Animas' Ethics Hotline. Within three months of her complaint, Hightower was given a low evaluation, which resulted in a lower bonus and wage; and then she was removed from her JDE Data Lead Management position and replaced with a male employee.[3] These actions are retaliation, and inasmuch as a Caucasian male filled her position, and just months earlier a Caucasian female was promoted to a position to which Hightower was not given the opportunity to apply, the actions appear to be motivated by discrimination based on her race and sex. Therefore, Animas' argument on this issue fails.

---

[3] Animas takes the position that when it removed Hightower from the JDE Date Lead Management position and placed her back in the Lean Manufacture Associate position, this did not rise to the level of a "demotion." Hightower vehemently disagrees. From the start of her employment with Animas in 2006, she had progressed from Assembler to Lean Manufacture Associate to JDE Data Management Lead, and then was sent back down the ladder to Lean Manufacture Associate. Clearly, this is a demotion.

### III. HIGHTOWER HAS SET FORTH A COLORABLE CLAIM UNDER THE EQUAL PAY ACT

Animas also argues that Hightower, in her Complaint, did not plead enough facts to state a viable claim under the Equal Pay Act. Animas contends that Hightower has not pleaded that any male employee at the company got paid more than she did for equal work.

As the statute and case law provide, to set forth a claim under the Equal Pay Act, a plaintiff must show that his/her employer paid different wages to employees of the opposite sex for equal work performed under similar working conditions. *Wildi v. Alle-Kiski Medical Center,* 659 F.Supp.2d 640 (W.D. Pa. 2009). An employer may not pay employees of one sex less than employees of the opposite sex because of inconsequential or trivial differences in their respective duties. *Usery v. Allegheny County Int. Dist.,* 544 F.2d 148 (3rd Cir. 1976). To prevail on a claim under the Equal Pay Act, a plaintiff need not prove that an employer intended to discriminate. *EEOC v. Del. Dept. of Health Services,* 865 F.2d 1408 (3rd. Cir. 1989).

In this case, as emphasized, Hightower alleges that in February 2010, as a consequence of her low evaluation, she received a lower compensation bonus and compensation rate, and then the following month, she was demoted *and replaced with a male employee.* While Hightower does not identify the male by name in her Complaint, clearly she referenced the individual, and therefore provided the requisite information to set forth a colorable claim under the Equal Pay Act. In short, her claim is that this male is being paid a higher wage for equal work that Hightower is performing, which suffices to defeat a Motion to Dismiss on this issue.

## CONCLUSION

In view of the foregoing, Plaintiff Catherine Hightower respectfully requests that Your Honorable Court deny Defendant Animas Corporation's Motion to Dismiss and direct Defendant to file an Answer to the Complaint.

                          Respectfully submitted,
                          MAIZEL LEGAL ASSOCIATES

By: _____
       Robert P. Maizel, Esquire
       Attorney for Plaintiff
       Catherine Hightower
       PA. ID# 88670
       1500 JFK Boulevard, Suite 1700
       Philadelphia, PA 19102
       (215) 772-3023
       rpm@maizellaw.com

## CERTIFICATE OF SERVICE

I, Robert P. Maizel, Esquire, hereby certify that I am this 24th day September, 2012 serving Plaintiff's response to Defendant's Motion to Dismiss upon the following persons as follows:

> The Honorable Ronald J. Buckwalter
> United States Courthouse
> 601 Market Street
> Philadelphia, PA 19106
> (via hand delivery)

> Kathryn Levering, Esquire
> Daniel P. Aiken, Esquire
> Drinker Biddle & Reath LLP
> One Logan Square, Suite 2000
> Philadelphia, PA 19103-6996
> (counsel for Defendant)
> (via first class mail and electronic mail)

By: /s/ Robert P. Maizel
Robert P. Maizel, Esquire
Attorney for Plaintiff
Catherine Hightower
PA. ID# 88670
1500 JFK Boulevard, Suite 1700
Philadelphia, PA 19102
(215) 772-3023
rpm@maizellaw.com