IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE HIGHTOWER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  12-3206 |
| ANIMAS CORPORATION | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                                                                              October 10, 2012

      Currently pending before the Court is Defendant Animas Corporation's Motion to Dismiss Plaintiff's Complaint.  For the following reasons, the Motion is granted.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

      This employment discrimination action arises from the demotion and poor performance reviews given to Plaintiff Catherine Hightower while employed at Defendant Animas Corporation ("Animas"). (Compl. ¶¶ 22, 30.)  According to the facts set forth in the Complaint, Plaintiff is an African-American female who was hired by Animas on or about February 16, 2006 as an "Assembler." (Id. ¶¶ 13–14.)  On or about January 5, 2009, she was appointed to the position of "JDE Management Lead and Manufacturing Representative," a position she was led to believe was permanent. (Id. ¶¶ 16–17.)  She had been receiving positive performance reviews in this new position, and was operating under the belief that she would be receiving a pay increase. (Id. ¶ 18.)  She claims she did not receive this increase because she is an African-American female. (Id. ¶ 20.)  After failing to receive the raise, she lodged a complaint with the

company's ethics hotline.  (Id. ¶ 21.)

In March of 2010, Plaintiff was demoted to a previously-held position of Lead Manufacturing Associate without explanation.  (Id. ¶ 22–23.)  Plaintiff claims she was replaced in this previous position with a Caucasian male.  (Id. ¶ 24.)  She believes this demotion was given because she is an African-American female.  (Id. ¶ 26.)

Additionally, Plaintiff states that another Animas employee, Courtney Stevenson, was promoted over her and given a pay increase.  (Id. ¶ 27–28.)  Ms. Stevenson was a Caucasian female.  (Id. ¶ 27.)  Ms. Hightower claims that she was not informed of the availability of this position and was denied the opportunity to apply.  (Id. ¶ 29.)  After this series of events, Ms. Hightower filed another complaint with the company's ethics hotline in or about February 2010.  As a result of this complaint, Ms. Hightower claims she was given a "lower rating" on her yearly evaluation and, as a result of this lower rating, received a lower bonus and compensation rate than she had received in previous years.  (Id. ¶ 30–31.)  Plaintiff believes she was treated differently than similarly situated male employees and similarly situated Caucasian employees.  (Id. ¶¶ 33–34.)

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2011 and requested cross-filing with the Pennsylvania Human Relations Commission ("PHRC").  On or about March 12, 2012, she received a Notice of Right to Sue from the EEOC.  She then filed this suit on June 6, 2012 alleging (1) violations under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination and retaliation on the basis of race and gender, (2) violations under the Pennsylvania Human Relations Act ("PHRA") for discrimination and retaliation on the basis of race and gender, and (3) violations under the Equal

Pay Act of 1963 ("EPA") for providing lower pay on the basis of gender for equal work.  On August 28, 2012 Defendant filed its Motion to Dismiss Plaintiff's Complaint.  Plaintiff filed a Memorandum in Opposition on September 24.  Defendant then filed a Reply Memorandum in Support of its Motion on October 2.  The Court will now consider the merits of Defendant's Motion.

**II.     STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.  Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**III.     DISCUSSION**

Defendant moves to dismiss Plaintiff's Title VII and PHRA claims as being time barred. It also seeks to dismiss Plaintiff's EPA claim for failing to demonstrate that a male employee received higher compensation for equal work because the male employee did not perform equal work in the statutory period, and because he did not hold the same position at the same time as Plaintiff.

### A.     Whether Plaintiff's Title VII and PHRA Claims Are Time Barred

Both Title VII and the PHRA prohibit employers from discriminating against their employees on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a); 43 Pa. Cons. Stat. § 955.  Courts addressing Title VII and PHRA claims often address both laws in the same analysis, as both share significant overlap.  See Johnson v. McGraw-Hill Co., 451 F. Supp. 2d 681, 691 (W.D. Pa. 2006) ("Pennsylvania courts generally interpret the PHRA in accordance with its federal counterparts." (citing Kelly v. Drexel Univ., 94 F.3d 102, 104 (3d Cir. 1996)).  In regard to the grounds for dismissal presently before the Court, the analysis is identical under either Title VII or the PHRA.  Accordingly, the Court engages in one analysis equally applicable to the claims brought under each statute.

"Prior to bringing a claim for judicial relief under Title VII or the PHRA, a plaintiff must exhaust all administrative remedies."  Garcia v. Newtown Twp., No. Civ.A.09-3809, 2010 WL 785808, at *11 (E.D. Pa. Mar. 5, 2010).  To do so, plaintiffs must file an administrative charge with the relevant administrative agency.  A considerable body of caselaw addresses the intricacies of filing administrative charges in Pennsylvania, where both the EEOC and the Pennsylvania Human Relations Commission provide administrative procedures that must be exhausted prior to bringing respective federal or state claims for employment discrimination. See Yeager v. UPMC Horizon, 698 F. Supp. 2d 523,535–36 (W.D. Pa. 2010) (analyzing Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997) and discussing statute of limitation implications of the Work-Sharing Agreement between the EEOC and PHRC, which allows for dual-filing of administrative charges with the EEOC and PHRC).  For the purposes of the instant Memorandum, however, it is sufficient to note that:

>One, pursuant to the PHRA, a plaintiff must file an administrative charge with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged act of discrimination. 43 PA. STAT. ANN. § 959(h). Two, pursuant to Title VII, [in Pennsylvania] a plaintiff must file an administrative charge with the EEOC within 300 days of the alleged act of discrimination, or within thirty days after receiving notice that the state or local agency has terminated the proceedings under state or local law, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1).

Fusco v. Bucks Cnty., No. Civ.A.08-2082, 2009 WL 4911938, at *6 (E.D. Pa. Dec. 18, 2009).

In the current case, Plaintiff filed her complaint with the EEOC on March 24, 2011. Thus, any discriminatory actions of which she complains must have occurred on or after May 28, 2010 for Title VII claims, and on or after September 24, 2010 for any PHRA claims.

In her Complaint, Plaintiff alleges a number of specific acts of discrimination. She states (1) that she did not receive a pay increase that she was promised, (2) that Courtney Stevenson was promoted and Plaintiff was not given the opportunity to apply for this position, (3) that she received a low evaluation which resulted in a lower bonus and compensation rate, (4) she was demoted and replaced by a male Caucasian, and (5) that she filed complaints with Animas which was a cause for the other actions on this list. Importantly, she notes that these actions occurred over a five-month period from October 2009–March 2010.[1] Because these events all occurred before May 28, 2010, they fall outside the statutory period and cannot be considered by the Court.

Plaintiff attempts to save her Complaint by raising the doctrine of "continuing

---

[1] The Court notes that on Plaintiff's EEOC complaint, she states that the latest time a discriminatory event occurred was February 1, 2011, and she states that she received the lower rating on her yearly evaluation in February of 2011. However, in Plaintiff's Complaint she states that this occurred in February of 2010. In Plaintiff's Response in Opposition to Defendants' Motion, she clears any confusion by stating the events occurred over a five month period from October 2009–March 2010. As such, the Court proceeds with the dates as stated in the Complaint.

violations." Under this theory, a court may examine a pattern of conduct that extends beyond the statute of limitations period. See Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 480–81 (3d Cir. 1997); Yeager, 698 F. Supp. 2d at 530–31 (citing Rush, 113 F.3d at 481). To establish that an "'ongoing practice or pattern of discrimination'" constitutes a continuing violation, a plaintiff must demonstrate that: "at least one discriminatory act occurred within the filing period." Fusco, 2009 WL 4911938, at *7. Under the facts of Plaintiff's complaint, however, there are no discriminatory acts which occurred within the filing period. As such, the continuing violations doctrine is inapplicable to the circumstances alleged in the Complaint.

Because Plaintiff fails to allege events occurring within the statutory filing period under both Title VII and the PHRA, Defendant's Motion to Dismiss on these counts is granted.

B.  Plaintiff's Equal Pay Act Claim

To make out a claim under the Equal Pay Act, 29 U.S.C. § 206 *et seq.*, a plaintiff must demonstrate that "employees of the opposite sex were paid differently for performing 'equal work'–work of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing E.E.O.C. v. Delaware Dept. of Health and Soc. Servs., 865 F.2d 1408, 1413–14 (3d Cir. 1989)). The burden of *persuasion* (not production, as with a Title VII McDonnell Douglas framework) then shifts to the employer to show that one of the four affirmative defenses specified in the act is applicable: "(i) a bona fide seniority system, (ii) a merit system, (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any factor other than sex." 29 U.S.C. § 206(d)(1); Stanziale, 200 F.3d at 107. "Unlike under Title VII, '[i]t is not enough that the employer's proffered reasons could explain the wage disparity; the proffered reasons must in

fact explain the wage disparity.'"  Frintner v. TruePosition, No. Civ.A.11-3454, 2012 WL 3651131, at *6 (E.D. Pa. Aug. 27, 2012) (citing Rowland v. Certainteed Corp., No. Civ.A.08-3671, 2009 WL 1444413, at *8 (E.D.Pa. May 21, 2009)).  The Equal Pay Act has a two year statute of limitations, which is extended to three years in cases where the violation by the employer is willfull.  29 U.S.C. § 255(a).

In the current case, Defendants move to dismiss Plaintiff's EPA claim because they state she has not alleged that a male employee performed equal work within the statute of limitations period.  Defendants note that Plaintiff's complaint was filed on June 6, 2012.  Plaintiff's demotion from "JDE Management Lead and Manufacturing Representative" and replacement by a male employee occurred in March of 2010.  Thus, Defendants claim that there was no equal work done during the statutory period during which Plaintiff is able to bring a claim.  Moreover, even if the statutory period is extended to three years for a willful violation, it is unclear that the male employee Plaintiff cites to was paid any differently in the position than Plaintiff was.  Plaintiff only states that she was removed from the position and replaced by a male employee, without any indication or allegation that the male was paid a different salary than she was when she held the position.  As a result, Defendant's Motion will be granted.

## IV.   CONCLUSION

For the above reasons, Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint are dismissed with prejudice.  Plaintiff's claims under Title VII for race and gender based discrimination are dismissed as untimely.  Her claim under the EPA is similarly dismissed as being untimely and for failing to properly allege that a male employee was paid more for performing equal work.  Based on the facts alleged, the EEOC investigation, and the fact that

Plaintiff has not requested leave to amend thus far, the Court believes granting leave to amend would be futile.  Accordingly, Defendant's Motion is granted in its entirety with prejudice.

An appropriate Order follows.